**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of FORENSIC NEWS LLC and SCOTT STEDMAN for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 1:22-mc-347-AT |

**MEMORANDUM OF LAW IN SUPPORT OF WALTER SORIANO'S MOTION TO INTERVENE, OPPOSITION TO PETITIONERS' APPLICATION PURSUANT TO 28 U.S.C. § 1782, AND, IN THE ALTERNATIVE, MOTION TO STAY**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

FACTUAL BACKGROUND .................................................................................................. 1

    A.   Procedural Background of UK Action ............................................................... 1

    B.   Petitioners' § 1782 Application for Broad Third-Party Discovery ................... 2

    C.   Pending Anti-Suit Injunction Application in the UK Action ........................... 3

LEGAL STANDARDS .......................................................................................................... 3

ARGUMENT ........................................................................................................................... 4

    I.   Mr. Soriano Has Standing to Challenge Issuance of the Subpoena. ................. 4

    II.   The Court Should Exercise its Broad Discretion to Deny the Application. ...... 5

        A.   The Application Should Be Denied as Unduly Burdensome. ........................... 5

        B.   The Application Attempts to Circumvent More Restrictive English Law, Further Compelling Denial. ................................................................................ 9

    III.   Alternatively, the Court Should Stay Determination on the Application Pending the UK Court's Decision on Mr. Soriano's UK Anti-Suit Application ......................................... 10

CONCLUSION ..................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Accent Delight Int'l Ltd.*,
  869 F.3d. 121 (2d Cir.)...................................................................................................5

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
  300 F.R.D. 406 (C.D. Cal. 2014) ....................................................................................8

*In re Apotex Inc.*,
  2009 WL 618243 (S.D.N.Y. March 9, 2009)..................................................................7

*In re Application of Esses*,
  101 F.3d 873 (2d Cir. 1996)........................................................................................4, 5

*In re Application of OOO Promnefstroy for an Ord. to Conduct Discovery for Use
  in a Foreign Proceeding*,
  No. M 19-99(RJS), 2009 WL 3335608 (S.D.N.Y. Oct. 15, 2009) ..................................6

*In re Ex Parte Application of Qualcomm Inc.*,
  162 F. Supp. 3d 1029 (N.D. Cal. 2016) ..........................................................................6

*Arthrex, Inc. v. Parcus Medical, LLC*,
  10-civ-151, 2011 WL 6415540 (S.D. Ind. Dec. 21, 2011) .............................................8

*In re Auto-Guadaloupe Investissement S.A.*,
  No. 12 Misc. 221, 2012 WL 4841945 (S.D.N.Y. Oct. 10, 2012) ...................................7

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
  673 F.3d 76 (2d Cir. 2012)..............................................................................................6

*Brown v. City of Syracuse*,
  648 F. Supp. 2d 461 (N.D.N.Y. 2009)............................................................................8

*Matter of Degens*,
  No. 20MC237JGKRWL, 2020 WL 4252725 (S.D.N.Y. July 24, 2020)..................................7

*In re del Valle Ruiz*,
  939 F.3d 520 (2d Cir. 2019).......................................................................................4, 5

*In re Doosan Heavy Indus. & Constr. Co., Ltd.*,
  No. 19-MC-1638 (LDH), 2020 WL 1864903 (E.D.N.Y. Apr. 14, 2020).................................7

*In re Elvis Presley Enters. LLC*,
  15 Misc. 386, 2016 WL 843380 (S.D.N.Y. Mar. 1, 2016) ..............................................9

*Floyd v. City of New York*,
    302 F.R.D. 69 (S.D.N.Y.) ...................................................................................................3

*Foden v. Gianolo Aldunate*,
    3 F.3d 54 (2d Cir. 1993) ..................................................................................................10

*In re Hornbeam Corp.*,
    No. 14 Misc. 424, 2015 WL 13647606 (S.D.N.Y. Sept. 17, 2015) ...................................4

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) .............................................................................................4, 5, 9, 10

*Koopmann v. Robert Bosch, LLC*,
    No. 18-CV-4065 (JMF), 2018 WL 9917679 (S.D.N.Y. May 25, 2018) ...........................7

*Korotki v. Cooper Levenson, Apr., Niedelman & Wagenheim, P.A.*,
    No. CV2011050CPOMJS, 2022 WL 2191519 (D.N.J. June 17, 2022) ...........................8

*In re Postalis*,
    18 Misc. 497, 2018 WL 6725406 (S.D.N.Y. Dec. 20, 2018) ............................................6

*Precourt v. Fairbank Reconstruction Corp.*,
    280 F.R.D. 462 (D.S.D. 2011) ..........................................................................................8

*In re Tethyan Copper Co. Pty. Ltd.*,
    No. 21 MISC. 377 (AT), 2022 WL 1266314 (S.D.N.Y. Apr. 28, 2022) ..........................7

*United States v. Pitney Bowes, Inc.*,
    25 F.3d 66 (2d Cir.1994) ..................................................................................................3

*In re World Trade Center Disaster Site Litig.*,
    503 F.3d 167 (2d Cir.2007) ............................................................................................11

**Statutes**

28 U.S.C. § 1782 ........................................................................................................... *passim*

28 U.S.C. § 1782(a) ..............................................................................................................3, 5

**Other Authorities**

Fed. R. Civ. P. 24(a) .............................................................................................................3, 4

Fed. R. Civ. P. 26 ......................................................................................................................7

Fed. R. Civ. P. 45 ......................................................................................................................7

## INTRODUCTION

This matter arises from proceedings commenced by Walter Soriano, a British citizen and founder of USG Security Ltd ("USG"), against Forensic News LLC, its founder, Scott Stedman, and three contributors, Eric Levai, Jess Coleman, and Robert Denault (together, the "UK Defendants"), in the High Court of Justice in England (the "High Court"). In that pending matter, Mr. Soriano alleges that publications by the UK Defendants have defamed him and are in breach of his rights under the UK General Data Protection Regulation (the "UK Action").

Petitioners Forensic News and Scott Stedman ("Petitioners") now seek leave of this Court to permit broad and unfettered discovery of Mr. Soriano and USG's confidential financial and banking information through a subpoena to a U.S. third party, HSBC Bank USA ("HSBC USA"), (the "Subpoena"). However, Petitioner's application pursuant to 28 U.S.C. § 1782 (the "Application") fails to justify the overly broad and unduly burdensome scope of discovery requested. For this and other reasons, as set forth herein, this Court should permit Mr. Soriano to intervene in this matter and exercise its broad discretion to deny the Application in its entirety. In the alternative, the Court should stay any determination of the Application pending adjudication by the High Court on Mr. Soriano's Anti-Suit Injunction.

## FACTUAL BACKGROUND

### A. Procedural Background of UK Action

In July 2020, Mr. Soriano initiated legal proceedings in the High Court of Justice of England against Petitioners for defamation and breach of his rights under the UK GDPR in connection with the publication of several articles. *See* Declaration of Schlomo Rechtschaffen ("Decl.") ¶ 5. Beginning in 2019, Petitioners, together with additional defendants in the UK Action, published a series of articles about Mr. Soriano, making several extremely serious

1

allegations, including of illegality, ties to the Russian State and various other individuals of note, and involvement in Russian interference with the United States election in 2016. *See generally* Dkt. 6-9; Decl. at ¶ 6. As the High Court of Justice observed, these published allegations "amount to a sustained assault on [Mr. Soriano] and his reputation." Decl. at ¶ 7.

Though the UK Defendants are based in the U.S., Mr. Soriano obtained permission to sue the defendants in England, a decision upheld on appeal. *Id.* at ¶ 8. UK Defendants Mr. Coleman and Mr. Denault settled in June 2022, publishing a public apology. *Id.* at ¶ 9. The remaining UK Defendants have served a "Defence," with a preliminary trial on the meaning of the various publications together with Mr. Soriano's application to strike out parts of the "Defence" as against the remaining defendants on March 2 and 3, 2023 in the High Court. *Id.* at ¶ 10.[1]

### B. Petitioners' § 1782 Application for Broad Third-Party Discovery

Petitioners ask this Court for leave to serve excessively broad subpoena requests on a foreign third party, HSBC USA, under 28 U.S.C. § 1782. Indeed, these requests purport to seek from this third party "***[a]ll documents and communications*** relating to UGS" or Soriano, without limitation, over a period of **sixteen years**, including "all account information, information relating to any financial transactions, Wire Transfers," or other payments. *See* Dkt. No. 6-1, at 5, 10 (emphasis added). Despite the overbreadth of these requests, counsel for HSBC

---

[1] It is noteworthy that Petitioners have deliberately misrepresented the urgency of their Application and requested discovery, falsely claiming that they must "marshal evidence in support of their truth defense well before March 2023," the date of Mr. Soriano's preliminary trial on his "strike out" application the UK Action. *See* Dkt. No. 4, at 9. Indeed, the discovery sought in the Subpoena is not relevant to the issues which will be before the High Court at the March 2023 hearing, because such applications are heard without evidence and based only on the pleadings. Decl. at ¶ 10. Contrary to Petitioners' representation otherwise, the High Court will neither address the substance of any defense nor the credibility of Mr. Soriano as a witness. *Id.*

2

USA has indicated that, pursuant to its general policy, HSBC USA does not intend to oppose the Application. Decl. at ¶ 13.

### C. Pending Anti-Suit Injunction Application in the UK Action

On January 19, 2023, shortly after discovering Petitioners' Application, Mr. Soriano filed an Anti-Suit Injunction Application with the High Court in the UK Action (the "Anti-Suit Injunction"). Decl. at ¶ 14. The Anti-Suit Injunction asks the High Court to order the Petitioners to withdraw the Application before this Court and to refrain from further action against HSBC USA in any U.S. Court. *See id.* That matter remains pending.

## LEGAL STANDARDS

To intervene as of right under Fed. R. Civ. P. 24(a), an applicant must make a four-part showing: (1) the application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may practically impair the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir.1994). Courts generally accepts as true an applicant's well-pleaded, non-conclusory allegations and supporting material. *Floyd v. City of New York*, 302 F.R.D. 69, 83 (S.D.N.Y.), *aff'd in part, appeal dismissed in part*, 770 F.3d 1051 (2d Cir. 2014).

Before granting an application to gather evidence under 28 U.S.C. § 1782(a), courts must first find that: (1) the person from whom the discovery is sought resides or is found in the district of the district court to which application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a). Even when these statutory requirements are met, the Supreme Court has identified additional discretionary factors to guide courts in considering a

3

§ 1782 application, including: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the receptivity of the foreign tribunal to U.S. Court assistance; (3) whether the § 1782 request is an attempt to "circumvent foreign proof gathering restrictions;" and (4) whether the documents sought are "unduly intrusive or burdensome." *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004). The Second Circuit has cautioned that "[t]he *Intel* factors are not to be applied mechanically, and a district court should also take into account any other pertinent issues arising from the facts of the particular dispute." *In re del Valle Ruiz*, 939 F.3d 520, 533 (2d Cir. 2019) (quoting *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 245 (2d Cir. 2018)) (internal quotations omitted); *see also In re Application of Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("[D]istrict courts [have] wide discretion to determine whether to grant discovery[.]").

## ARGUMENT

### I.  Mr. Soriano Has Standing to Challenge Issuance of the Subpoena.

It is well-settled that "a party against whom the requested information will be used . . . has standing to challenge the issuance of § 1782 subpoenas under the Rules of Civil Procedure and under the statute itself." *In re Hornbeam Corp.*, No. 14 Misc. 424, 2015 WL 13647606, at *2 (S.D.N.Y. Sept. 17, 2015), *aff'd*, 722 F. App'x 7 (2d Cir. 2018) (citing *In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997)). Here, the Subpoena seeks broad third-party discovery for the express purpose of using it against Mr. Soriano in the UK Action. *See*, *e.g.*, Dkt. No. 4, at 8. As such, Mr. Soriano has standing to challenge the issuance of the Subpoena under § 1782.

Mr. Soriano also satisfies the requirements for intervention as of right under Fed. R. Civ. P. 24(a). There is no dispute that Mr. Soriano has timely moved for intervention here, having

only discovered Petitioners' Application less than four weeks ago, shortly before Christmas 2022,[2] or that he has a significantly protectable interest in the subject matter of this action—namely, the discovery of his personal and business financial records to be used against him in the UK Action. In addition, denial of intervention here would impede his ability to protect his interest, particularly because his interest is not at all represented by the existing parties to the litigation. Indeed, absent Mr. Soriano's intervention, Petitioners' Application will go unopposed. Decl. at ¶ 13. As such, the Court should permit Mr. Soriano to intervene as of right in this matter to protect his interests both in this proceeding and in the UK Action.

## II.     The Court Should Exercise its Broad Discretion to Deny the Application.

Even if the statutory requirements of § 1782(a) are met, courts have broad discretion to deny § 1782 applications under the Supreme Court's *Intel* factors. *See Intel*, 542 U.S. at 264–65; *Application of Esses*, 101 F.3d at 876. The third and fourth *Intel* factors, both of which are of particular relevance to the facts of this case, compel the Court to exercise this discretion to deny the Application.[3]

### A.     The Application Should Be Denied as Unduly Burdensome.

District courts are the "gatekeepers" of discovery, *In re Accent Delight Int'l Ltd.*, 869 F.3d. 121, 134 (2d Cir.), and have broad discretion to deny "unduly intrusive or burdensome" discovery under § 1782. *Intel*, 542 U.S. at 245. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad

---

[2] Indeed, despite regular communication with counsel for Petitioners in connection with the UK Action, Petitioners provided no notice to Mr. Soriano of any intent to file or the actual filing of the Application, which Mr. Soriano himself discovered only by chance in or around late December 2022. Decl. at ¶ 11.

[3] Petitioners appear to place great weight on their past applications for discovery under § 1782 relating to the UK Action, though the information sought and breadth and scope of discovery in each of those other applications is factually distinct and therefore not relevant to a determination on the facts and context of this Application. *See In re del Valle Ruiz*, 939 F.3d at 533.

5

'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016) (denying § 1782 applications based in part on finding that subpoena requests were overbroad). As the Second Circuit has explained, "if the district court determines that a party's discovery application under section 1782 is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials, the court is free to deny the application in toto[.]" *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 81 (2d Cir. 2012) (citing *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 n.6 (2d Cir. 1995)).

This Court should exercise its discretion to deny the Application where the Subpoena broadly seeks "all documents and communications" relating to Mr. Soriano and USG, including without limitation all transactions and payments, over a period of ***sixteen years*** beginning January 1, 2007. *See* Dkt. 6-1, at 10. Petitioners' casting of such a wide net is not at all tailored to elicit any potentially information relevant to their defense and is, instead, akin to an impermissible fishing expedition. Petitioners provide little justification for the excessive and untailored scope of these requests, making only the vague and conclusory assertion that this "discrete period . . . encompasses the key events and business relationships described in Petitioners' articles," while failing to cite to any support. Dkt. No. 4, at 26. As such, Petitioners' request to serve such broad and expansive requests on a third party should be denied as unduly burdensome. *See In re Application of OOO Promnefstroy for an Ord. to Conduct Discovery for Use in a Foreign Proceeding*, No. M 19-99(RJS), 2009 WL 3335608, at *9 (S.D.N.Y. Oct. 15, 2009) (denying request for broad § 1782 discovery from non-party and noting that "cases in which such applications were routinely approved" typically involve requests for "a single document or report, or even those documents relating to a single transaction or event"); *In re*

6

*Postalis*, 18 Misc. 497, 2018 WL 6725406, at *6 (S.D.N.Y. Dec. 20, 2018) (denying § 1782 application where subpoena was "plainly overbroad"); *cf. In re Tethyan Copper Co. Pty. Ltd.*, No. 21 MISC. 377 (AT), 2022 WL 1266314, at *2 (S.D.N.Y. Apr. 28, 2022) (finding subpoenas under § 1782 not unduly intrusive or burdensome where the responsive information "generally concerns communications occurring within the span of a 'few months'").[4]

The Application is particularly inappropriate in light of the Court's affirmative obligation, under the federal discovery procedures under Rules 26 and 45 of the Federal Rules of Civil Procedure, to protect third parties from burdensome discovery. *See In re Auto-Guadaloupe Investissement S.A.*, No. 12 Misc. 221, 2012 WL 4841945, *4 (S.D.N.Y. Oct. 10, 2012) ("A court considering a request for discovery under § 1782 must also be mindful of U.S. federal discovery procedures under Rules 26 and 45 of the Federal Rules of Civil Procedure."); *Koopmann v. Robert Bosch, LLC*, No. 18-CV-4065 (JMF), 2018 WL 9917679, at *1 (S.D.N.Y. May 25, 2018) (citing Fed. R. Civ. P. 45(d)(2)(B)(ii) for proposition that courts "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."); *In re Apotex Inc., 2009 WL 618243*, at *3-4 (S.D.N.Y. March 9, 2009) (quashing

---

[4] In support of their contention that the Subpoena is not unduly burdensome, Petitioners rely on two distinguishable cases. *See* Dkt. 4, at 21. In *Matter of Degens*, No. 20MC237JGKRWL, 2020 WL 4252725 (S.D.N.Y. July 24, 2020), this Court found that the applicant's discovery requests to financial institutions targeted to discovering information about her former spouse's assets were proportional, where the underlying foreign proceeding was a marital litigation in which determining alimony and division of property were key issues. *Id.* at *5. In contrast, Petitioners' expansive requests for all of Mr. Soriano's and USG's confidential banking information dating back to 2007, is hardly proportional or properly targeted to Petitioners' purported purpose of identifying alleged support for associations between Mr. Soriano and specific individuals. *See id.*; *see also In re Doosan Heavy Indus. & Constr. Co., Ltd.*, No. 19-MC-1638 (LDH), 2020 WL 1864903, at *1 (E.D.N.Y. Apr. 14, 2020) (granting § 1782 application to issue subpoena on foreign third party targeted to discovery that would facilitate enforcement of a foreign judgment by clarifying nature of business relationship between third party and party against whom judgment is to be enforced). Neither of these cases involved the type of excessively broad and wholly untailored requests at hand.

subpoena that would require a non-party to perform "onerous searches"). In fact, "[a]n undue burden is often created where the material sought from a nonparty is easily available from a party," as is the case here. *Korotki v. Cooper Levenson, Apr., Niedelman & Wagenheim, P.A.*, No. CV2011050CPOMJS, 2022 WL 2191519, at *3 (D.N.J. June 17, 2022). Any information Petitioners purport to seek from HSBC USA regarding Mr. Soriano and/or USG's banking activity is also, naturally, available from Mr. Soriano himself, though Petitioners have not sought this information in the UK Action. The Court should decline to impose this burdensome discovery on a non-party when the same information may be obtained from a party. *See Brown v. City of Syracuse*, 648 F. Supp. 2d 461, 466 (N.D.N.Y. 2009) (when balancing hardships between requesting party and non-party, court should consider whether there are other sources for obtaining the material); *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) ("If the party seeking information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena."); *Arthrex, Inc. v. Parcus Medical, LLC*, 10-civ-151, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011) ("A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same documents."); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014) ("Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party.").[5]

---

[5] Petitioners also baselessly claim that denial of the Application "would place an enormous burden on their shoulders[,]" falsely suggesting that its overly broad request to a nonparty in the U.S. is the only means to marshal evidence to support their truth defense in the UK Action. *See* Dkt. No. 4, at 26–27. In fact, Petitioners can just as easily, if not more easily, pursue any relevant information regarding Mr. Soriano and/or USG's banking activity directly from Mr. Soriano or HSBC Bank UK within the UK Action, without resorting to foreign discovery of third parties. *See* Section II.B, *infra*.

Petitioners have identified no reason why the burdensome and overly broad third-party discovery sought against HSBC USA should be permitted under § 1782. The Court should exercise its broad authority to deny the Application in its entirety. *See In re Elvis Presley Enters. LLC*, 15 Misc. 386, 2016 WL 843380, at *6 (S.D.N.Y. Mar. 1, 2016) (declining to narrow overly broad subpoena and denying § 1782 application).

> **B.** **The Application Attempts to Circumvent More Restrictive English Law, Further Compelling Denial.**

The Application also reflects an attempt to "circumvent foreign proof gathering restrictions" of the High Court, with this *Intel* factor further weighing in favor of denying the Application. *See Intel*, 542 U.S. at 245. Specifically, the sheer breadth of the discovery requested in the Application, as discussed *supra*, spanning sixteen years' worth of confidential financial documents, communications, and transactions for both an individual and a business entity, resembles a fishing expedition and greatly exceeds the more limited scope of permissible disclosure in the UK Action. This alone supports that the Application is an attempt to circumvent the oversight and control which the High Court would exercise, with particular care in the context of confidential banking information. *See* Decl. at ¶ 15. This is also evident from the fact that any relevant information sought by the Subpoena is also available to Petitioners through the disclosure process in the UK Action. Specifically, Mr. Soriano and USG are clients of and hold accounts with HSBC UK Bank, a member of the HSBC Group; and neither holds an account with HSBC USA. *Id.* at ¶ 16. Insofar as any banking records are held in the United States, this would only be because dollar payments will have cleared through the U.S. entity of HSBC as part of its ordinary banking operations. *Id.* In sum, any relevant evidence of payments or transfers made to or from Mr. Soriano and/or USG would be available in London, where Mr. Soriano's HSBC UK Bank accounts themselves are held, and within the jurisdiction of the High

Court.  *Id.*  Petitioners could easily avoid the expenditure not only of this Court's resources but of the time and cost of transatlantic litigation by both parties, but have deliberately elected not to do so.

Petitioners argue that this *Intel* factor is "not the same as a foreign discoverability requirement," and that a court may grant an application under § 1782 even where "the information sought was not discoverable under the laws of the foreign country at issue in the foreign proceeding[.]" Dkt. No. 4, at 18–19 (citing cases).  However, as the Second Circuit has instructed, "district judges may well find that in appropriate cases a determination of discoverability under the laws of the foreign jurisdiction is a useful tool in their exercise of discretion under section 1782[.]" *Foden v. Gianolo Aldunate*, 3 F.3d 54, 60 (2d Cir. 1993).  Here, the strong showing of Petitioners' attempt to circumvent foreign discovery restrictions reflects a lack of good faith by the Petitioners in making this Application.  As such, this factor also weighs strongly in favor of denying the Application.

\* \* \* \* \*

For these reasons, the Court should exercise its broad discretion to deny the Application under § 1782, on the basis that it is unduly burdensome and represents a clear attempt to circumvent disclosure restrictions of English law.

### III. Alternatively, the Court Should Stay Determination on the Application Pending the UK Court's Decision on Mr. Soriano's UK Anti-Suit Application.

In the alternative, this Court should grant a stay of any determination on the Application and issuance of the Subpoena, pending the High Court's determination on Mr. Soriano's parallel Anti-Suit Injunction.  Four factors determine if a stay is appropriate: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the

10

applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) the public interest. *In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170–71 (2d Cir.2007) (internal quotation marks and footnote omitted).

For many of the same reasons that compel this Court to deny the Application—including the overbreadth of the Subpoena and Petitioners' apparent attempt to circumvent the restrictions of English law on this issue—as well as several others identified in the application, Mr. Soriano's Anti-Suit Injunction is likely to succeed in the UK Action. *See* Decl. at ¶ 14. If the Application is not stayed, Mr. Soriano may be irreparably harmed by any grant of the Application and subsequent compliance with the Subpoena, which would result in the disclosure of nearly two decades' worth of sensitive and confidential banking information and correspondence, without justification. Given the lack of urgency for Petitioners to obtain the requested discovery, which as noted is not in fact relevant to the upcoming preliminary trial in the UK Action, Petitioners would not be harmed by a brief stay. Finally, and most critically, in the interest of comity and in furtherance of the public interest in judicial efficiency, this Court should defer to a determination of the proper relevance and scope of the requested discovery by the governing tribunal, the High Court itself. Absent this Court's denial of the Application, given that all four factors favor a stay, this Court should enter a stay of any determination of this Application pending an adjudication on the Anti-Suit Injunction.

## CONCLUSION

For these reasons, Mr. Soriano respectfully requests that this Court grant Mr. Soriano's motion to intervene and deny Petitioners' Application in its entirety. Alternatively, Soriano

respectfully requests that the Court stay any determination on the Application and Subpoena until the High Court of Justice of England rules on Mr. Soriano's parallel Anti-Suit Injunction.

Respectfully submitted,

**BROWN RUDNICK LLP**

By: *Jessica N. Meyers*
Jessica N. Meyers
7 Times Square
New York, New York 10036
jmeyers@brownrudnick.com
Tel: (212) 209-4938
Fax: (212) 209-4801

Benjamin G. Chew (*pro hac vice* forthcoming)
601 Thirteenth Street, N.W.
Washington, D.C. 20005
bchew@brownrudnick.com
Tel: (202) 536-1785

Camille Vasquez (*pro hac vice* forthcoming)
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
cvasquez@brownrudnick.com
Tel : (949) 752-7199

*Attorneys for Walter Soriano*