# ATTACHMENT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of FORENSIC NEWS LLC and SCOTT STEDMAN for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 22-mc-347-AT |

**SUPPLEMENTAL DECLARATION OF PATRICK DORIS IN SUPPORT OF**
**PETITIONERS' APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

I, Patrick Doris, pursuant to 28 U.S.C. § 1746, declare as follows:

**INTRODUCTION**

1.      I was admitted as a solicitor in England and Wales in 1999 and am currently a Partner at the law firm Gibson, Dunn & Crutcher UK LLP, based in London, England, in the United Kingdom.  I practice in the fields of commercial litigation, public and administrative law, corporate investigations and compliance, including in relation to data privacy compliance. I act as counsel to Petitioners, who are defendants in proceedings (the "English Defamation Action") currently underway in the High Court of Justice, King's Bench Division (the "High Court").

2.      I submit this Supplemental Declaration in support of Petitioners' Application for an Order Pursuant to 28 U.S.C. § 1782 (the "Application") permitting them to issue a subpoena for the production of documents from HSBC Bank USA, N.A. ("HSBC USA").

3.      Unless otherwise stated, all facts set forth in this Supplemental Declaration are based upon my personal knowledge, information supplied to me by Petitioners, and my review of relevant documents.  If called as a witness, I could and would testify competently regarding the information set forth herein.

4.     On 6 February 2023, the High Court held a hearing on Mr. Soriano's anti-suit application for an injunction to restrain Petitioners' proceedings in relation to the Section 1782 Application.

5.     On the morning on 10 February 2023, the High Court issued an Approved Judgment and Order refusing in full Mr. Soriano's anti-suit application.  The High Court found no reason to restrain the present proceedings in front of this Court, or indeed to impose conditions or limitations of any kind on Petitioners' pursuit of those proceedings.  Petitioners submitted true and correct copies of the High Court's Approved Judgment and Order to this Court at approximately 11:16 AM EST on 10 February 2023.  *See* Dkt. No. 20.

6.     Following the High Court's decision and Petitioners' submission, Mr. Soriano filed two documents in this Court on 10 February 2023.  The first is Mr. Soriano's reply brief in support of his motion to intervene and, in the alternative, motion to stay.  Dkt. No. 21.  The second is the declaration of Mr. Soriano's solicitor Shlomo Rechtschaffen in support of the same.  Dkt. No. 22.

7.     I have reviewed both documents.  Each acknowledges that Mr. Soriano's anti-suit application has been denied by the High Court and that his application itself no longer presents a basis for a stay of proceedings in this Court.  In Mr. Soriano's reply brief, however, he now contends that his motion for a stay is not moot because he "intends to seek an expedited appeal of that decision [denying his anti-suit application]."  Dkt. No. 21, at 3.  Mr. Soriano argues that "a stay is still warranted because [he] is likely to succeed on the merits of his appeal in the UK Action."  *Id.*

8.     Neither Mr. Soriano's reply brief nor Mr. Rechtschaffen's declaration discloses that the High Court has already evaluated the likelihood of success of any appeal.  Based on that evaluation, the High Court denied Mr. Soriano's application for permission to appeal the Approved Judgment and Order.  *See* Ex. A.  The High Court's denial of Mr. Soriano's

application for permission to appeal the order was memorialized in the Order itself. *See* Dkt. No. 20-2, at 1 ("The Claimant's application for permission to appeal this order is refused."). It was therefore available when Mr. Soriano filed his reply brief in this Court.

9. The High Court explained the basis for its denial of Mr. Soriano's application for permission to appeal in a Form N460 accompanying the Approved Judgment and Order, a true and correct copy of which is attached hereto as Exhibit A. In that document, the Honourable Mr. Justice Murray specifically concluded that "[n]one of the grounds" of Mr. Soriano's application to appeal "ha[ve] a real prospect of success." Ex. A. Mr. Justice Murray incorporated by reference his Approved Judgment refusing Mr. Soriano's anti-suit application, in which he found that each ground on which Mr. Soriano sought leave to appeal was raised in the 6 February hearing and appropriately addressed by the High Court. *Id.* Mr. Justice Murray further noted that this Court in New York "will be more than able to deal with issues as to breadth of documents sought, timeframe, confidential nature, and so on." *Id.* Mr. Justice Murray also ruled that "[t]here is no other compelling reason why permission to appeal should be granted." Ex. A.

10. It is inexplicable to me that a solicitor of the Senior Courts of England & Wales such as Mr. Rechtschaffen should seek relief from this Court without bringing to the attention of this Court the High Court's refusal of his client's application for permission to appeal, and the reasons therefor.

**PROCEDURAL RULES OF APPEAL IN ENGLAND AND WALES**

11. The rules of civil procedure applicable to the current matter in the English Courts & Tribunals system require a potential appellant to secure a court's permission to appeal. CPR 52.3(1). In this case, permission to appeal may be granted by either the High Court or the Court of Appeal (Civil Division). CPR 52.3(2). Under Rule 52.6 of the Civil Procedure Rules, "permission to appeal may be given *only* where—(a) the court considers that

the appeal would have a real prospect of success; or (b) there is some other compelling reason for the appeal to be heard" (emphasis added).

12.    As noted above, Mr. Soriano has already applied to the High Court for permission to appeal the High Court's Approved Judgment and Order to the Court of Appeal. Mr. Soriano did not seek expedited treatment of his appeal when he applied to the High Court for permission to appeal.  Nor did he seek any temporary or interim relief pending his appeal. Mr. Justice Murray denied permission to appeal, specifically ruling that Mr. Soriano's appeal does not have a "real prospect of success" and that "[t]here is no other compelling reason why permission to appeal should be granted."  Ex. A.

13.    Mr. Soriano has now issued a renewed application for permission to appeal, this time to the Court of Appeal itself.  Mr. Soriano's application for permission to appeal to the Court of Appeal is unlikely to yield any different result than the High Court's refusal.  As noted above, both courts must apply the same test when evaluating a potential appeal in the first instance.  Mr. Justice Murray has already ruled that Mr. Soriano's appeal does not have a "real prospect of success" and that there is "no other compelling reason" for permission to be granted.  Mr. Soriano is asking the Court of Appeal to reach a different conclusion based on the same materials already addressed in the High Court.

14.    Mr. Soriano has also applied to have any such appeal expedited.  It is unclear why he did not seek an expedited appeal when he applied first to the High Court for permission to appeal (and, had the High Court given permission to appeal without expedition, the appeal process could have taken a year).  The usual timescale for a decision from the Court of Appeal on permission to appeal is around 4-6 weeks at the earliest.  The Court of Appeal may act more quickly in this case given Mr. Soriano's application for expedition, but only if it accedes to that application.

15.     Strikingly, Mr. Soriano has not sought, either from the High Court or from the Court of Appeal, any form of temporary injunctive relief to "hold the ring" pending determination of his appeal.  Such relief is common in cases involving putative loss of rights to privacy or confidence, which are the rights Mr. Soriano claims are at stake in this case.

16.     Furthermore, unless the Court of Appeal orders otherwise, an appeal itself will not stay the Approved Judgment and Order.  CPR 52.16 (providing that, unless the court granting permission to appeal orders otherwise, "an appeal shall not operate as a stay of any order or decision of the lower court").  I am unaware of any circumstance that would justify a stay of the Approved Judgment and Order pending appeal here.

17.     If the Court of Appeal ultimately grants permission to appeal, the Court of Appeal will not then overturn the High Court's decision on Mr. Soriano's anti-suit application unless it was "wrong."  In reaching its decision, the High Court was conducting an evaluative exercise and reaching a judgment by balancing the factors put before it by Mr. Soriano.  In such a case, the Court of Appeal will be reluctant to interfere with the decision of the judge, and will only interfere where the judge has taken account of immaterial factors, omitted to take account of material factors, erred in principle, or come to a conclusion that was impermissible or not open to him (*Aldi Stores Ltd v WSP Group Plc* [2007] EWCA Civ 1260, [2008] 1 WLR 748 at [16]).  That is a high hurdle.  It would not be enough for the Court of Appeal to disagree with the judge's conclusion.  The Court of Appeal would have to conclude that no reasonable judge could have weighed the competing factors and reached the same conclusion as Mr. Justice Murray reached.  As Mr. Justice Murray has already observed, Mr. Soriano's grounds of appeal merely seek to reargue the unsuccessful points he made on his application.

18.     In short, it is unlikely that the Court of Appeal will give Mr. Soriano permission to appeal where the High Court has already refused that permission.  Nor is it likely that the Court of Appeal will expedite that appeal.  It is even less likely that Mr. Soriano will eventually

succeed on the merits of that appeal given the high hurdle for such an appeal to succeed, as described above.

*       *       *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 13 February 2023
Location: London, England, United Kingdom


_____
Patrick Doris

# EXHIBIT A

# Reasons for allowing or refusing permission to appeal (including referral to the Court of Appeal (Civil Division)), and information concerning routes of appeal

The judge must complete this form on allowing or refusing an application for permission to appeal at a hearing or trial

**Title of case/claim**

Walter Tzvi Soriano v (1) Forensic News LLC, (2) Scott Stedman, (3) Eric Levai

**Case/claim no**

QB-2020-002450

**Heard/tried before** *(insert name of Judge)*

MrJustice Murray

**Date of hearing/trial**

6 February 2023

**Nature of hearing/trial**

Hearing of claimant's application for an injunction to restrain proceedings by the first and second defendants in New York under 28 US Code §1782.

**Result of hearing/trial**

Injunction application refused.

☑ An appeal lies from this judgment order to the

Court of Appeal (Civil Division)   Court

**Claimant's/defendant's application for permission to appeal**

☐ Allowed   ☑ Refused

☐ Refused as being totally without merit
*(There is no right to renew this application at an oral hearing.)*

continued over the page ⇨

© Crown copyright 2016

| | |
|---|---|
| Brief reasons for decision to allow or refuse appeal<br>*(to be completed by the Judge):* | None of the grounds has a real prospect of success. The first four grounds reflect submissions made by the claimant during the hearing and are dealt with in my judgment. The fifth ground was also raised during the hearing and is dealt with in the judgment, apart from the "helpful instruction" point, although the case of PT Dharmala was referred to and is discussed in the judgment. That was a quite different case, as noted in the judgment, and there is no basis, particularly considering the evidence of Ms Champion, why this particular 1782 Application requires "helpful instruction" from the English court. The New York court will be more than able to deal with issues as to breadth of documents sought, timeframe, confidential nature, and so on, as discussed in the judgment. There is no other compelling reason why permission to appeal should be granted. |

**If refused**

☑ The application for permission to appeal may be renewed in the appeal court

☐ There is no further right of appeal (see s.54(4) of the Access to Justice Act 1999)

**Judge's signature**

| Mr Justice Murray |
|---|

**Note:** The appellant must file a copy of this completed form at the appeal court with the appellant's notice when issuing the appeal.

Do you consider the appeal should be referred to the Court of Appeal (Civil Division)?

☐ Yes        ☑ No

If Yes, please indicate which of the following criteria apply:

☐ There appear to be conflicting authorities

☐ There is a point of practice and procedure of significant importance

☐ There is a point of general principle and importance in the development of the substantive law

☐ A number of appeals on similar points suggest that a theme, or trend, is developing which the Court of Appeal needs to consider

Additional reasons